1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Life Insurance Company of North America,        No. CV-14-01797-PHX-DGC

10                      Plaintiff,                    **ORDER**

11   v.

12   Sylvia M. Sorilla, et al.,

13                      Defendants.

14

15

16          Plaintiff Life Insurance Company of North America has filed a motion for

17   judgment on the pleadings and the administrative record.  Doc. 20.  Defendant Jose

18   Matus has joined the motion.  Doc. 21.  Defendant Sylvia Sorilla has filed a cross-motion

19   for judgment on the pleadings.  Doc. 25.  The Court will grant Plaintiff's motion and

20   deny Defendant Sorilla's motion.

21   **I.      Background.**

22          Asencio Matus (the "insured") formerly worked for Casino of the Sun, owned by

23   Pascua Yaqui Tribe Enterprises.  He acquired through his employer a life-insurance

24   policy that was regulated by the Employee Retirement Income Security Act of 1974

25   ("ERISA").  A.R. 38.  Defendant Life Insurance Company of North America ("LINA")

26   underwrote the policy and administered claims.

27

28

1        The policy included two types of coverage: "basic life insurance" and "voluntary

2  term life insurance." On August 4, 2009, Matus filled out a beneficiary designation form

3  for both types of coverage. A.R. 552. The one-page form contained a box for

4  designating a beneficiary for the basic life insurance, and a separate box for designating a

5  beneficiary for the voluntary life insurance. *Id.* The insured designated Defendant Sylvia

6  Sorilla as the primary beneficiary of his basic life insurance, but left the beneficiary

7  designation for the voluntary life insurance blank. *Id.*

8        The insured died on May 10, 2012. A.R. 186. LINA paid $25,000 in benefits

9  under the basic life insurance to Sorilla. A.R. 172-73. Because the insured had not

10  designated a beneficiary for the voluntary life insurance, LINA decided that the benefits

11  of this insurance should be paid according to the life insurance policy's "preference

12  clause." A.R. 29. Under this clause, "[i]f there is no named beneficiary or surviving

13  beneficiary, Death Benefits will be paid to the first surviving class of the following living

14  relatives: spouse; child or children; mother or father; brothers or sisters; or to the

15  executors or administrators of the Insured's estate." A.R. 29. LINA determined that the

16  insured's closest living relative was his brother, Defendant Jose Matus, and paid him

17  $110,000 in benefits. A.R. 118-19.

18        Sorilla believed that she was entitled to the benefits of the voluntary life insurance.

19  She contacted LINA several times to notify the company of her claim. A.R. 513, 528-29.

20  LINA informed her that she was not entitled to the benefits because the insured had not

21  designated her as the beneficiary. A.R. 529. Sorilla then filed suit in Pascua Yaqui

22  Tribal Court against Jose Matus, claiming that she and not Matus was the correct

23  beneficiary of the voluntary life insurance. *See* Doc. 1, ¶ 21; Doc. 9, ¶ 3. The result of

24  this litigation is unclear, although Matus alleges that Sorilla's suit was dismissed with

25  prejudice. Doc. 12, ¶¶ 5-6.

26        On August 12, 2014, LINA filed this lawsuit against Sylvia Sorilla and Jose

27  Matus, seeking a declaratory judgment that "LINA correctly paid the benefits of the

28  LINA Policy's Supplemental Group Term Life Insurance to Jose Matus in accordance

1    with its Preference Clause."  Doc. 1, ¶ 6.  LINA has now filed a motion for judgment on

2    the administrative record, Matus has joined LINA's motion, and Sorilla has filed a cross-

3    motion for judgment on the pleadings.  Docs. 20, 21, 25.

4    **II.    Claim & Issue Preclusion.**

5           Defendant Matus argues that the previous litigation in Pascua Yaqui Tribal Court

6    was dismissed with prejudice and therefore precludes whatever claims Sorilla might have

7    against Matus.  Doc. 21 at 2.  "Claim preclusion, like issue preclusion, is an affirmative

8    defense.    Ordinarily,  it  is  incumbent  on  the  defendant  to  plead  and  prove  such  a

9    defense[.]"   *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008).   Broadly speaking, the

10   doctrines  of  claim  and  issue  preclusion  do  not  apply  unless  there  has  been  a  final

11   judgment on the merits of a claim or issue that a party is attempting to re-litigate.  *See*

12   *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).  "The party asserting

13   preclusion bears the burden of showing with clarity and certainty what was determined

14   by the prior judgment. . . .   '[T]he party must introduce a sufficient record of the prior

15   proceeding to enable the trial court to pinpoint the exact issues previously litigated.'"  *Id.*

16   at 1321 (quoting *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979)).

17          Matus argues that Sorilla sued him "in the Pascua Yaqui Tribal court on the

18   subject matter of this controversy. . . .   That case was dismissed with prejudice and is

19   *re[s] judicata* as to all claims of Sorilla against Matus."  Doc. 21 at 2.  Matus has not

20   submitted a record of the proceedings in the tribal court or evidence of the tribal court's

21   decision.  Matus' argument rests on a bare allegation, which the other parties have not

22   addressed in their motions.  Because Matus has not carried his burden of proving *res*

23   *judicata*, the Court will not decide this case on that basis.

24   **III.    Legal Standard.**

25          LINA styles its motion as a motion for "declaratory judgment on the pleadings and

26   the  administrative  record,"  and  states  that  the  motion  is  brought  pursuant  to  Rule

27   52(a)(1).  Doc. 20 at 1.  Sorilla styles her response as a "cross-motion for judgment on the

28   pleadings."  Doc. 25 at 1.  The Court concludes that these motions should be treated as

- 3 -

1   cross-motions for summary judgment under Rule 56.  They are not motions for judgment

2   on the pleadings under Rule 12(c) because both parties rely on an administrative record

3   that is outside the pleadings.  *See* Fed. R. Civ. P. 12(d).[1]  The Court also declines to rule

4   on these motions under Rule 52(a).   Although in some ERISA cases the Court may

5   resolve factual disputes and "try the case on the record that the administrator had before

6   it," *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc), this is

7   unnecessary here.  As discussed below, the relevant facts are not in dispute and the issues

8   can be decided on summary judgment.  Summary judgment is appropriate if the evidence,

9   viewed in the light most favorable to the nonmoving party, shows "that there is no

10  genuine dispute as to any material fact and the movant is entitled to judgment as a matter

11  of law."  Fed. R. Civ. P. 56(a).

12  **IV.     Insurance Policy Claims.**

13          ERISA allows a beneficiary to bring an action "to recover benefits due to him

14  under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify

15  his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  But

16  ERISA does not explicitly allow a claim administrator or fiduciary, such as LINA, to

17  bring an action to clarify whether it correctly paid benefits under a plan.   *See id.*

18  § 1132(a)(3).   Nevertheless, for the reasons stated in *Transamerica Occidental Life*

19  *Insurance Company v. DiGregorio*, 811 F.2d 1249, 1253 (9th Cir. 1987), the Court may

20  exercise jurisdiction over LINA's claim under the Declaratory Judgment Act.  *See also*

21  *Prudential Ins. Co. of Am. v. Doe*, 76 F.3d 206, 210 (8th Cir. 1996) ("[The party] may be

22  correct that nothing in ERISA specifically grants a fiduciary the authority to file a

23  declaratory judgment action to interpret a policy.  Nonetheless, the Declaratory Judgment

24  Act . . . provides jurisdiction.").

---

25

26          [1] The Court recognizes that if Sorilla had brought her motion as one for judgment
    on the pleadings under Rule 12(c) and the Court converted her motion into one for
27  summary judgment, she would be entitled to "a reasonable opportunity to present all the
    material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  But this "reasonable
28  opportunity requirement" may be satisfied when the moving party presents and relies on
    materials outside the pleadings, as Sorilla did here with the administrative record.  *See*
    *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

1    Generally, a district court conducts *de novo* review of a denial or award of benefits

2    under an ERISA insurance plan.  *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008)

3    (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).  When a plan

4    "unambiguously provide[s] discretion to the administrator" to interpret the terms of the

5    plan and make final benefits determinations, however, the determination is reviewed for

6    an abuse of discretion.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir.

7    2006) (en banc).  For a plan to unambiguously provide discretion, it normally must grant

8    "responsibility to interpret the terms of the plan *and* to determine eligibility for benefits."

9    *Id.* at 965 (emphasis in original).

10    LINA argues that the following provision unambiguously grants discretion: "[T]he

11    Plan Administrator has appointed [LINA] as the named fiduciary for deciding claims for

12    benefits under the Plan, and for deciding any appeals of denied claims."  A.R. 38.

13    Because this language merely grants LINA the authority to determine eligibility for

14    benefits and not to interpret the terms of the plan, it does not unambiguously grant

15    discretion.  *See Abatie*, 458 F.3d at 964-65; *see also Moran v. Life Ins. Co. of N. Am.*

16    *Misericordia Univ.*, No. 3:CV-13-765, 2014 WL 4251604, at *4-5 (M.D. Pa. Aug. 27,

17    2014) (finding that this language did not confer discretion); *but see Van Anderson v. Life*

18    *Ins. Co. of N. Am.*, No. 4:11CV00050, 2012 WL 1077794, at *4 (W.D. Va. Mar. 30,

19    2012) (finding that this language did confer discretion).  For that reason, the Court will

20    conduct a *de novo* review of LINA's decision to pay the voluntary-life-insurance benefits

21    to Jose Matus.[2]

22

23

24

25

_____

26    [2] Sorilla correctly notes that *de novo* review is also called for if "an administrator
engages in wholesale and flagrant violations of the procedural requirements of ERISA,
27    and thus acts in utter disregard of the underlying purpose of the plan[.]"  *Abatie*, 458 F.3d
at 971.  Because the Court has already found that *de novo* review is appropriate, however,
28    the Court need not address whether LINA engaged in flagrant violations of procedural
requirements.

- 5 -

1       The Court finds that LINA properly paid out the benefits of the voluntary-life-

2   insurance coverage.  The life-insurance policy states:

3       Death Benefits will be paid to the Insured's named beneficiary, if any, on
        file at the time of payment.  If there is no named beneficiary or surviving
4       beneficiary, Death benefits will be paid to the first surviving class of the
        following living relatives: spouse; child or children; mother or father;
5       brothers or sisters; or to the executors or administrators of the Insured's
        estate.
6

7   A.R. 29.  As previously discussed, the insured had completed a beneficiary designation

8   form.  A.R. 552.  The one-page form contained a box for designating a beneficiary for the

9   basic life insurance and a separate box for designating a beneficiary for the voluntary life

10  insurance.   The insured designated Sylvia Sorilla as the beneficiary of his basic life

11  insurance, but left the beneficiary designation for the voluntary life insurance blank.

12  Based on that form, LINA concluded that the insured had not designated a beneficiary for

13  the voluntary life insurance.  LINA then searched for the insured's closest living relative

14  and determined that the insured's brother, Jose Matus, was entitled to the benefits

15  according to the policy's preference clause.  The Court finds as a matter of law that

16  LINA's decision to award the benefits to Jose Matus was proper under the life-insurance

17  policy.

18      Sorilla argues that LINA should have treated her as the proper beneficiary

19  because: (1) the insured had designated her as the beneficiary of his basic life insurance,

20  and therefore presumably intended her to be the beneficiary of his voluntary life

21  insurance; (2) LINA sent two letters to the insured confirming receipt of "the Change of

22  Beneficiary Designation form . . . in which you designate Sylvia M. Sorilla as the

23  primary beneficiary of your life insurance" (A.R. 196, 198); and (3) the letters refer to a

24  single policy number and do not distinguish between basic and voluntary life insurance.

25  But this evidence merely shows that the insured designated Sorilla as the beneficiary for

26  the basic insurance and LINA sent potentially confusing letters.  The fact remains that the

27  insured left blank the space for designating a beneficiary of the voluntary life insurance.

28  In the absence of a beneficiary designation, the policy expressly required LINA to follow

- 6 -

1    the policy's preference clause and grant the benefits to the insured's brother.

2    Sorilla also argues that LINA breached its fiduciary duties by failing to confirm

3    with the insured that he did not intend Sorilla to be the beneficiary of his voluntary life

4    insurance.  In so arguing, Sorilla relies on the possibly confusing nature of the beneficiary

5    form, LINA's letters stating that Sorilla had been designated as a beneficiary, and

6    LINA's knowledge that the plan administrator may have mismanaged the file.  Sorilla

7    further offers to testify that the plan administrator told her that she was the designated

8    beneficiary.  But even if Sorilla is correct and LINA breached its fiduciary duties by

9    failing to confirm the insured's intent for his voluntary life insurance, Sorilla has not

10   explained by what authority LINA could award her benefits under the insurance policy.

11   The beneficiary designation form and the life-insurance policy do not allow LINA to

12   award insurance benefits to a third-party because the insured *may* have intended the third-

13   party to receive the benefits.  Nor has Sorilla provided any basis for the Court to conclude

14   that a breach of fiduciary duty by LINA would allow policy benefits to be awarded to an

15   unnamed beneficiary.

16   What is more, Sorilla has not asserted a counterclaim for breach of fiduciary duty.

17   *See* Doc. 9.  Thus, the sole issue is whether LINA properly denied the voluntary-life-

18   insurance benefits to Sorilla and granted them to Matus.  The Court finds that LINA's

19   decision was proper.[3]

20   **IT IS ORDERED:**

21   1.    Plaintiff's motion, which the Court deems a motion for summary judgment

22         (Doc. 20), and Defendant Matus' joinder (Doc. 21), are **granted.**

23   2.    Defendant Sorilla's cross-motion (Doc. 25) is **denied.**

24   3.    The Court declares that LINA correctly paid the benefits of the LINA

25   

26        [3] The Court notes that LINA requests relief that would (1) discharge "LINA from
     further liability for the proceeds of the LINA Policy's Voluntary Group Term Life

27   Insurance," and (2) "Permanently enjoin[] Sorilla from bringing any claims against LINA
     relating to the LINA Policy's Voluntary Group Term Life Insurance."  Doc. 1 at 6;

28   Doc. 20 at 11.  LINA does not explain the basis on which the Court could grant such
     broad relief.  The Court will therefore limit its relief to a declaratory judgment that LINA
     correctly paid out the benefits of the voluntary life insurance.

- 7 -

1    Policy's Voluntary Group Term Life Insurance to Jose Matus in accordance

2    with the terms of the Policy.

3        4.        The Clerk is directed to enter judgment and terminate this action.

4    Dated this 27th day of May, 2015.

5

6

7    _____

                         David G. Campbell
8                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28