**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Life Insurance Company of North America, | No. CV-14-01797-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Sylvia M. Sorilla, et al., | |
| Defendants. | |

On May 27, 2015, the Court granted Plaintiff summary judgment and directed the Clerk to enter judgment and terminate the action. Doc. 27 at 7-8. On that same day, the Clerk entered judgment in favor of Plaintiff and terminated the case. Doc. 28. On July 8, 2015, Defendant Sylvia Sorilla filed a motion labeled as "Motion for Leave to File Amended Pleadings" and "Motion to Strike Clerk's Judgment Entered on or after June 29, 2015." Doc. 29.[1] Plaintiff responded and Defendant did not reply. Doc. 31. The Court will deny the motion.

Defendant seeks to amend her answer to include two counterclaims. She quotes Rule 15 for the proposition that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's policy of liberally giving leave to amend, however, does not apply after a final judgment has been entered. "[O]nce judgment has been entered in a case, a motion to amend the complaint can only be

---

[1] Because this motion did not include the text of the amended answer and counterclaim, Defendant also filed a motion to correct the first motion. Doc. 30. This second motion will be denied because the Court is denying the underlying motion.

entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).

Defendant does not cite or discuss Rule 59 or 60. A motion under Rule 59(e) would not be proper because Defendant did not file her motion within twenty-eight days of the judgment. Rule 60(b) allows the Court to relieve a party from a final judgment only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Defendant does not directly address these grounds for relief. She does state that "it would be unfair to terminate the entire case since Sylvia should be permitted in this action to formalize her allegations[.]" Doc. 29 at 11. This is an insufficient reason to relieve Defendant from the final judgment in this case. The Court therefore denies her motion to amend.

Perhaps recognizing that her motion is procedurally improper, Defendant asks the Court to strike the final line of its summary-judgment order, which directed the Clerk to enter judgment, and to strike the Clerk's entry of judgment. Defendant argues that the entry of judgment was improper because the Court could direct the Clerk to enter judgment only after Plaintiff had presented a form of judgment. The Court is unaware of, and Defendant does not cite, any rule that requires a prevailing plaintiff to present a form of judgment before the Court can direct the entry of judgment. The Clerk's entry of judgment in this case complied with Rule 58.

Defendant also argues that the Clerk entered judgment on June 29, 2015, and then improperly backdated the judgment to May 27, 2015. Defendant presents no evidence to support this allegation. The judgment is dated May 27, 2015, the Court's electronic system shows that it was entered on that date, and the Court has no reason to strike it.

Finally, the Court notes that the parties proposed a procedure for resolving this case that did not include the assertion of counterclaims. Doc. 14. The Court adopted the parties' proposal and entered a case management order that required any amendment of

pleadings or filing of supplemental pleadings to occur by January 5, 2015. Doc. 16. Defendant did not seek to amend her answer or assert a counterclaim by that date. Instead, the parties proceeded to produce the administrative record, hold court-mandated settlement discussions, and brief the merits of the case on the schedule they had proposed. No mention was made during this time of any possible counterclaim. Now, more than seven months after the deadline for asserting a counterclaim has passed, and after the case has been terminated on the merits and on the schedule the parties' proposed, Defendant seeks to assert new claims. The request is too late. This case has been concluded.

**IT IS ORDERED** that Defendant's motions to amend and strike (Docs. 29, 30) are **denied**. Because this case has been terminated, Defendant shall file no further pleadings in this action.

**Dated this 13th day of August, 2015.**

_____
David G. Campbell
United States District Judge